## IN RE THE AGRICULTURAL FUNDS.

Brown University for the College of Agriculture and the Mechanic Arts, established under the Act of Congress of July 2, 1862, is the only institution in Rhode Island entitled to receive the money due under the Act of Congress of August 30, 1890, for the more complete endowment of such colleges.

STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT,

PROVIDENCE, September 26, 1890.

*To the Honorable Judges of the Supreme Court :* —

I have the honor to submit for your opinion the following questions of law : —

By an Act of the Congress of the United States approved July 2, 1862, cap. 130 of the Statutes of the United States, vol. 13, provision was made for the establishment in this State of a college for the benefit of agriculture and the mechanic arts.

By a resolution of the General Assembly of this State passed at the January session, 1863, acceptance was made, in behalf of the State, of the benefit of the provisions of said Act of Congress ; and by a resolution passed at the same session of the General Assembly the Governor was authorized to enter upon an agreement with Brown University whereby the university was to provide a college or department of agriculture and the mechanic arts, and to receive in return all the privileges and immunities conferred by the said Act of Congress upon the State, which said agreement was duly executed, and the said university has been acting under the same ever since.

An act of the General Assembly of this State passed at its

January session, 1888, numbered 706 of the Public Laws, makes provision for the establishment of a State Agricultural School. Said act also provides "that any sum which shall be received by the State by virtue of any Act of Congress for the promotion of agriculture shall be appropriated to the use of said 'school' for the purposes for which said sum is appropriated."

An Act of the Congress of the United States approved August 30, 1890, provides for the more complete endowment and maintenance of the college for the benefit of agriculture and the mechanic arts established in accordance with the provisions of the Act of Congress approved July 2, 1862.

In consideration of the above mentioned Act of the Congress of the United States, and the resolutions and act of the General Assembly of this State,

1. Which of the institutions named above is entitled to receive the money now due under the Act of Congress approved August 30, 1890?.

2. If either may receive the same, is it within the discretion of the General Assembly or Governor to determine which?

JOHN W. DAVIS, <em>Governor.</em>

OPINION OF THE COURT.

<em>December</em> 2, 1890.

<em>To His Excellency John W. Davis, Governor of the State of Rhode Island and Providence Plantations:</em> —

We have received a communication from your Excellency asking our opinion upon questions which have arisen under an Act of Congress approved August 30, 1890, entitled "An act to apply a portion of the proceeds of the public lands to the more complete endowment and support of the colleges for the benefit of agriculture and the mechanic arts," established under the provisions of an Act of Congress approved July 2, 1862, the first section of which provides as follows: —

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That there shall be, and hereby is, annually appropriated, out of any

money in the treasury not otherwise appropriated, arising from the sales of public lands, to be paid as hereinafter provided, to each State and Territory, for the more complete endowment and maintenance of colleges for the benefit of agriculture and the mechanic arts now established, or which may be hereafter established, in accordance with an Act of Congress approved July 2, 1862, the sum of $15,000 for the year ending June 30, 1890, and an annual increase of the amount of such appropriation thereafter for ten years, by an additional sum of $1,000 over the preceding year; and the annual amount to be paid thereafter to each State and Territory shall be $25,000, to be applied only to instruction in agriculture, the mechanic arts, the English language, and the various branches of mathematical, physical, natural, and economic science, with special reference to their applications in the industries of life and to the facilities for such instruction."

Your Excellency directs our attention to the proceedings of the General Assembly at its January session, 1863, under which, in pursuance of an Act of Congress of July 2, 1862, a College of Agriculture and Mechanics Arts was established, by agreement with Brown University, at said university. Your Excellency also directs our attention to chapter 706 of the Public Laws of March 23, 1888, providing for the establishment of the State Agricultural School, the fourth section of which enacts that "any sum which shall be received by the State, by virtue of any Act of Congress, for the promotion of agriculture, shall be appropriated to the use of said board, *i. e.* to the board of managers of said Agricultural School, for the purpose for which said sum is appropriated."

The first question propounded to us is, "Which of the two institutions above named, the college or the school, is entitled to receive the money now due under the Act of Congress approved August 30, 1890?" We have to say, in answer, that we see no grounds on which the money can be properly claimed for the Agricultural School. By the express terms of said Act of Congress, the money is appropriated to be paid to each State and Territory "for the more complete endowment and maintenance of colleges for the benefit of agriculture and the mechanic arts, now established, or which may hereafter be established, in accordance with an Act of Congress approved July 2, 1862," and the

Agricultural School is not such a college so established.  There is nothing in said chapter 706 that indicates that it was intended to be so established, and your Excellency does not state that it was in fact so established.  It does not purport to be a college for the benefit of agriculture and the mechanic arts, but it only purports to be an agricultural school.  It may be thought that the fourth section of said chapter 706 can have some controlling effect.  If the money had been appropriated for the promotion of agriculture without further specification of the purpose, the section doubtless would control; but the money is appropriated specifically for the more complete endowment and maintenance of colleges for the benefit of agriculture and the mechanic arts, established, or which may hereafter be established, under the Act of Congress of July 2, 1862; and of course the State cannot lawfully receive it for any different institution or purpose.  The Act of Congress is paramount to the statute of the State.

We are, therefore, of opinion that said college, or rather said Brown University in its behalf, is at present the only institution in the State which is entitled to receive the money due as aforesaid.

The answer which we have given to the first question propounded by your Excellency is in effect an answer to the second.

THOMAS DURFEE.
CHARLES MATTESON.
JOHN H. STINESS.
P. E. TILLINGHAST.
GEORGE A. WILBUR.